UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRITTNEY JOHNSON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>GENERAL ELECTRIC COMPANY, )<br>)<br>Defendant. ) | No. 4:08-cv-0016-SEB-WGH |

**Entry Discussing Motion to Dismiss**

**I.**

The "motion" filed by plaintiff Johnson on July 8, 2008, (dkt 17) is in fact her response to General Electric's motion to dismiss. As the parties are aware, the plaintiff had through July 10, 2008, in which to file such a response. As a motion, the filing is **denied.** The filing has, however, been considered as just described, that being as the plaintiff's response to the motion to dismiss.

**II.**

This is a court of limited jurisdiction. A district court possesses only the jurisdiction conferred to it by Congress.  *See South Carolina v. Katzenbach,* 383 U.S. 301 (1966). Subject to exceptions not applicable, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F.Supp. 2d 780, 781 (E.D.N.C. 1998).

Johnson's statement concerning this court's subject matter jurisdiction over her claim is not very informative. Her statement concerning this in her complaint is the following: She asserts that this court has jurisdiction over her claim because "this is where [she] ha[s] chosen to file the lawsuit." This statement does not explicitly invoke either the court's jurisdiction over a federal question or its diversity jurisdiction over a claim arising under state law.

General Electric argues, in part, that venue of this action in this District is improper.

- When jurisdiction is not founded solely on diversity, venue is proper only in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

- Venue will lie in a diversity action "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the acts or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a),

The defendant is a large corporation which is incorporated in the State of New York. General Electric does not "reside" in the Southern District of Indiana, although it resides in the State of New York. The acts alluded to by Johnson took place in Kentucky, where she is employed by the defendant. The residual clauses of 28 U.S.C. § 1391(a) and § 1391(b) are not implicated here, because there is a "district in which the action [could] otherwise [have been] brought." Under the primary clauses of these statutes, moreover, the Southern District of Indiana is not a district wherein venue lies, and hence the action should not have been brought here.

## Conclusion

The venue statutes have been discussed above. Venue does not lie in the Southern District of Indiana.

When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." 28 U.S.C. § 1406(a). In this case, because the complaint does not even present a coherent claim invoking the court's subject matter jurisdiction, the action will be dismissed. General Electric's motion to dismiss on this basis is **granted.** The other arguments presented by General Electric in its motion to dismiss will not be reached. The conference set for September 25, 2008, is **vacated.**

Judgment consistent with this Entry shall now issue. The judgment, however, shall be without prejudice. The costs of this action are assessed against the plaintiff.

**IT IS SO ORDERED.**

Date: 07/23/2008

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana